Gloria Dredd Haney, State Bar No. 157627
**LAW OFFICES OF GLORIA DREDD HANEY**
City Tower Center
333 City Boulevard West, 17th Floor
Orange, California  92868
Office:        714.938.3230
Fax:           714.921.2856
Email:         dreddlaw@sbcglobal.net

Attorney for Plaintiff
**KIMBERLY NOSEWORTHY**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY NOSEWORTHY,<br><br>                    Plaintiff,<br><br>        vs.<br><br>CHAFFEY COMMUNITY COLLEGE DISTRICT, LEE MCDOUGAL, HENRY SHANNON, LAURA HOPE, MERIDITH RANDALL, ALISHA SERRANO, MATTHEW MORIN, LISA BAILEY, SUSAN HARDIE and DOES 1 through 10, Inclusive,<br><br>                    Defendants. | Case No.:<br><br>**PLAINTIFF KIMBERLY NOSEWORTHY'S VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

## I.   <u>NATURE OF CASE</u>

This case is a civil action seeking damages and relief against Defendants for committing acts against Plaintiff, KIMBERLY NOSEWORTHY (hereafter "Noseworthy" or "Plaintiff"), a very recently former long-term employee of 19 years at Defendant Chaffey Community College District ("District"), who was forced to resign because of her age and then forced to retire because of her age, and

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

for depriving Noseworthy of rights secured by the United States Constitution and the California Constitution in violation of the public policy of the United States of America and the State of California.  This action is also brought by Noseworthy for the unlawful conduct on the part of the above-named Defendants, causing Noseworthy to be subjected to discrimination based on age, freedom of speech/association, retaliation, and harassment (ostracized in front of other staff, forced on an administrative leave for exercising her freedom of speech, accused of creating a hostile environment for teachers, and forced on an administrative leave because Noseworthy engaged in the protected activity of complaining about problems of discrimination, problems associated with the Distance Learning Program, the teachers associated with the problems, and the failure of the Administration to act on the behalf of meeting the students' needs).

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1391.  This action is authorized and instituted pursuant to 20 U.S.C. 1706 requiring the appropriate United States District Court to exercise jurisdiction. 42 U.S.C. § 1983, the First Amendment Right, establishes that employment discrimination and retaliation cases based on the denial of the First Amendment Right may be filed in the United States District Court.  This Court has pendent jurisdiction over plaintiff's state claims, both administrative and common law, because they arise out of the same nucleus of common facts on which plaintiff's

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**KIMBERLY NOSEWORTHY- FEDERAL COMPLAINT**

federal discrimination claims are based.  Pursuant to 28 U.S.C. § 1367(s), federal courts have the discretion to adjudicate state-law claims that are transactionally related to the federal claims.

2.  Plaintiff has suffered and continues to suffer actual injuries as a result of the intentional, malicious, and unlawful conduct on the part of the above-named Defendants.  The injuries can be traced to the challenged action and conduct in this matter.  Noseworthy has a personal stake in the outcome of this action and hereby joins her request for recovery pursuant to 42 U.S.C. § 1983and the California Fair Employment and Housing Act ("FEHA"), i.e. the California Department of Fair Employment and Housing ("DFEH"), along with the common laws of the State of California.  Plaintiff received her notice of right-to-sue from the DFEH.  Attached as Exhibit "A" is a true copy of the right-to-sue notice from the DFEH dated March 19, 2020.  Attached as Exhibit "B" is a true copy of the Charge of Discrimination filed with the DFEH and also dated March 19, 2020.  The verification is also attached after these exhibits.

3.      Additionally, jurisdiction is established because

a.  Plaintiff resides within the jurisdiction of the United States District Court in and for the Central District of California.

b.  District is doing business within the jurisdiction of the United States District Court/Central District.

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**KIMBERLY NOSEWORTHY- FEDERAL COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

## **PARTIES**

4.  **Kim Noseworthy**, the Plaintiff in this matter, was forced to quit on or about January 03, 2020, with her forced retirement officially taking place on January 08, 2020, (1) because of her age, 63 years old, and the Defendants wanting to and replacing her with much younger employees; (2) because she complained about the continuing failure of involved faculty members who did not meet the needs of specific students in the Distance Learning Program; (3) because she filed complaints with the state agency under the Occupational Safety and Health Administration ("OSHA") due to the presence asbestos which presented unhealthy and unsafe working conditions; and (4) because she complained about the violation of her rights under the California Service Employees Association ("CSEA") contract for the purpose of retaliation and harassment against her.   Although not considered faculty but a classified employee, Noseworthy's has a Masters Degree in Education.

5.  **Chaffey Community College District** (hereafter "District" or collectively "Defendants") is a two-year liberal arts public college located in Rancho Cucamonga in the County of San Bernardino in the State of California with over 500+ employees and over 10,000+ students.

6.  **Lee McDougal** (hereafter "McDougal" or collectively "Defendants"), at all times relevant to this matter, was and is an elected official/member of the Governing Board of District.  McDougal acted within the scope of his duties and acted outside

4

the scope of his duties as an elected member of the Governing Board of District when he engaged in the discriminatory, retaliatory, and harassing conduct against Noseworthy because she is over the age of 60 years and engaged in the protected activities of freedom of speech and complaining about the discrimination leveled against Noseworthy.  McDougal publicly accused Noseworthy of being a "liar" and created a hostile work environment because of the exercise of Noseworthy's right to freedom of speech.  These attacks against Noseworthy caused her to get her first less than satisfactory evaluation, caused her to be placed on a two-month administrative leave, caused her career to be destroyed, and caused Noseworthy to quit and also retire earlier than she intended.  McDougal is being sued in his individual and official capacities because of the nature of his conduct and acting for his personal needs.  McDougal misused his official capacity and intentionally ignored Noseworthy's complaints.

7.  **Henry Shannon** (hereafter "Shannon" or collectively "Defendants"), at all times relevant to this matter, was and is the Superintendent/President of District. Shannon acted within the scope of his duties and acted outside the scope of his duties as the Superintendent/President of District when he engaged in the discriminatory, retaliatory, and harassing conduct against Noseworthy and ignored her complaints because she is over the age of 60 years and engaged in the protected activities of freedom of speech and complaining about the discrimination leveled against Noseworthy.  Shannon publicly created a hostile work environment because

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

5

of the exercise of Noseworthy's right to freedom of speech.  These attacks against Noseworthy caused her to get her first less than satisfactory evaluation, caused her to be placed on a two-month administrative leave, caused her career to be destroyed, and caused Noseworthy to quit her job and also retire earlier than she intended. Shannon is being sued in his individual and official capacities because of the nature of his conduct and his acting for his personal needs.  Shannon misused his official capacity and intentionally ignored the complaints from Noseworthy.

8. **Laura Hope** (hereafter "Hope" or collectively ("Defendants"), at all times relevant to this matter, was and is the Associate Superintendent of Instruction.  Hope acted inside the scope of her duties and acted outside the scope of her duties as the Associate Superintendent of Instruction when she engaged in the discriminatory, retaliatory, and harassing conduct against Noseworthy and ignored her complaints because Noseworthy is over the age of 60 years and engaged in the protected activities of freedom of speech and complaining about the discrimination leveled against Noseworthy.  Hope publicly created a hostile work environment because of the exercise of Noseworthy's right to freedom of speech.  These attacks against Noseworthy caused her to get her first less than satisfactory evaluation, caused her to be placed on a two-month administrative leave, caused her career to be destroyed, and caused Noseworthy to quit her job and also retire earlier than she intended. Hope is being sued in her individual and official capacities because of the nature of her conduct and her acting for her own personal needs.  Hope misused her official

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**KIMBERLY NOSEWORTHY- FEDERAL COMPLAINT**

capacity and intentionally ignored the complaints from Noseworthy.

9. **Meridith Randall** (hereafter "Randall" or collectively ("Defendants"), at all Times relevant to this matter, was a supervisor over Noseworthy.  Randall "retired" last year in 2019.  Randall acted inside the scope of her duties and acted outside the scope of her duties as a supervisor when she engaged in the discriminatory, retaliatory, and harassing conduct against Noseworthy and ignored her complaints because Noseworthy is over the age of 60 years and engaged in the protected activities of freedom of speech and complaining about the discrimination leveled against Noseworthy.  Randall publicly created a hostile work environment because of the exercise of Noseworthy's right to freedom of speech.  These attacks against Noseworthy caused her to get her first less than satisfactory evaluation, caused her to be placed on a two-month administrative leave, caused her career to be destroyed, and caused Noseworthy to quit her job and also retire earlier than she intended.  Randall is being sued in her individual and official capacities because of the nature of her conduct and her acting for her own personal needs.  Randall misused her official capacity and intentionally ignored the complaints from Noseworthy.

10. **Alisha Serrano** (hereafter "Serrano" or collectively ("Defendants"), at all times relevant to this matter, was and is  a supervisor.  Serrano acted inside the scope of her duties and acted outside the scope of her duties as Interim Director, Grant Management, and Research & Community Education (with no reference to Distance Learning) when she engaged in the discriminatory, retaliatory, and

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

KIMBERLY NOSEWORTHY- FEDERAL COMPLAINT

harassing conduct against Noseworthy and ignored her complaints because Noseworthy is over the age of 60 years and engaged in the protected activities of freedom of speech and complaining about the discrimination leveled against Noseworthy.  Serrano publicly created a hostile work environment because of the exercise of Noseworthy's right to freedom of speech.  These attacks against Noseworthy caused her to get her first less than satisfactory evaluation, caused her to be placed on a two-month administrative leave, caused her career to be destroyed, and caused Noseworthy to quit her job and also retire earlier than she intended. Serrano is being sued in her individual and official capacities because of the nature of her conduct and her acting for her own personal needs.  Serrano misused her official capacity and intentionally ignored the complaints from Noseworthy.

11. **Matthew Morin** (hereafter "Morin" or collectively ("Defendants"), at all Times relevant to this matter, was and is the Director of Intersegmental Partnerships which was changed in 2019 from Adult Education and High School Partnerships, Interim Director of Distance Education.  Morin acted inside the scope of his duties and acted outside the scope of his duties as a Director when he engaged in the discriminatory, retaliatory, and harassing conduct against Noseworthy and ignored her complaints because Noseworthy is over the age of 60 years and engaged in the protected activities of freedom of speech and complaining about the discrimination leveled against Noseworthy.   Morin publicly created a hostile work environment because of the exercise of Noseworthy's right to freedom of speech.  These attacks

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

8

against Noseworthy caused her to get her first less than satisfactory evaluation, caused her to be placed on a two-month administrative leave, caused her career to be destroyed, and caused Noseworthy to quit her job and also retire earlier than she intended.  Morin is being sued in his individual and official capacities because of the nature of his conduct and his acting for his own personal needs.  Morin misused his official capacity and intentionally ignored the complaints from Noseworthy.

12. **Lisa Bailey** (hereafter "Bailey" or collectively ("Defendants"), at all times relevant to this matter, was and is the Vice President of Administrative Services. Bailey acted inside the scope of her duties and acted outside the scope of her duties as the Vice President of Administrative Services when she engaged in the discriminatory, retaliatory, and harassing conduct against Noseworthy and ignored her complaints because Noseworthy is over the age of 60 years and engaged in the protected activities of freedom of speech and complaining about the discrimination leveled against Noseworthy.  Bailey publicly created a hostile work environment because of the exercise of Noseworthy's right to freedom of speech.  These attacks against Noseworthy caused her to get her first less than satisfactory evaluation, caused her to be placed on a two-month administrative leave, caused her career to be destroyed, and caused Noseworthy to quit her job and also retire earlier than she intended.  Bailey is being sued in her individual and official capacities because of the nature of her conduct and her acting for her own personal needs.  Bailey misused her official capacity and intentionally ignored the complaints from Noseworthy.

**KIMBERLY NOSEWORTHY- FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

12. **Susan Hardie** (hereafter "Hardie" or collectively ("Defendants"), at all Times relevant to this matter, was and is the Director of Human Resources.  Hardie acted inside the scope of her duties and acted outside the scope of her duties as a Director when she engaged in the discriminatory, retaliatory, and harassing conduct against Noseworthy and ignored her complaints because Noseworthy is over the age of 60 years and engaged in the protected activities of freedom of speech and complaining about the discrimination leveled against Noseworthy.  Hardie publicly created a hostile work environment because of the exercise of Noseworthy's right to freedom of speech.  These attacks against Noseworthy caused her to get her first less than satisfactory evaluation, caused her to be placed on a two-month administrative leave, caused her career to be destroyed, and caused Noseworthy to quit her job and also retire earlier than she intended.  Hardie is being sued in her individual and official capacities because of the nature of her conduct and her acting for her own personal needs.  Hardie misused her official capacity and intentionally ignored the complaints from Noseworthy.

14.  Noseworthy is ignorant of the true names and capacities and involvement of Defendants sued herein as DOES 1 through 10, inclusive, and, therefore, sues these Defendants by such fictitious names.  Noseworthy will amend her complaint to allege the true names and capacities of the DOES when these are ascertained.  Noseworthy is informed and believes and thereon alleges that each of the fictitiously named defendants are responsible in the same manner for the

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**KIMBERLY NOSEWORTHY- FEDERAL COMPLAINT**

occurrences herein alleged, and that each fictitiously named defendant is responsible for the violation of Noseworthy's state rights, along with her federal rights, and Noseworthy's damages as herein alleged were proximately caused by the conduct of such fictitiously named defendants.

15.  Noseworthy is informed and believes and thereon alleges that, unless otherwise indicated, each defendant was and is the agent and/or employee of every other defendant acting outside the course and scope of said agency and/or employment and with knowledge and/or consent of said co-defendant or co-defendants.

## STATEMENT OF COMMON AND BACKGROUND FACTS

16.  Noseworthy began working for District on November 19, 2001, as a Support Specialist in the Distant Learning Department.  When she began in 2001, there were only 12 sections.  It was her dedication to the program and its students which cause District to have a premier distance-learning program.  Now approximately 19 years later, District has more than 600 sections.

17.  District, the individual Defendants, and their agents had Noseworthy Training younger employees under the age of 40 years, and especially training employees younger than she who subsequently replaced Noseworthy.

18.  Noseworthy was **forced** to quit (a constructive termination) and then forced to retire based on her age of 63 years old.  For approximately 19 years, Noseworthy was told about her *invaluable* contribution to the Distance Learning

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**KIMBERLY NOSEWORTHY- FEDERAL COMPLAINT**

Program.  However, specifically in 2019 after Hope had left for two years and then returned to District, the working environment for Noseworthy became ostensibly and increasingly hostile.  Noseworthy had noticed the increasing hostility toward her, and her alone, especially from Hope **before** Hope left at or around 2017.  No other employee similarly situated like Noseworthy was treated in this manner.

19. It bothered Noseworthy to the point that Noseworthy began treatment for stress and depression intermittently.   Then at or about 2013 when she was around 57 years old she participated in Kaiser's Intensive Outpatient Therapy Program (a daily group therapy for three weeks) because of the ever-increasing hostility toward her, especially from Hope, and the traumatic stress she was experiencing.  From 2017-2019, there was a little bit of a reprieve when Hope was no longer at District and only had her agents going against Noseworthy on a continuous basis.   However, Hope returned in 2019 only to continue where she left off with heightened hostility and to make Noseworthy's work environment hostile and unbearable.

20. Hope appeared to have agents on campus who assisted her in carrying out the acts designed to threaten Noseworthy's actual job by bringing into question Noseworthy's ability to work with any other employees without harming other employees and even students and the community at large.

21.  The ongoing **false charges** and **false allegations** against Noseworthy were now becoming threats to her job and her access to the privileges of the job and

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

are as follows, e.g.:

a.  Noseworthy was accused is being discourteous to employees, students, and community members as well as being disrespectful.

b.  Noseworthy was accused of not following District's Board policies and Administrative Procedures in that Noseworthy was acting unethically toward employees, students, and the community.

c.  Noseworthy did not know how to communicate with anyone which caused the Defendants to conclude Noseworthy was not performing satisfactorily which is required for a classified employee like Noseworthy to maintain her job.

d.  Noseworthy lacked the requisite interpersonal behavior and skills which were necessary in order to function as a classified employee at District without frightening others in the work environment.

e.  Noseworthy failed to demonstrate that she could interact with anyone when faced with challenging situations and failed to improve her "speaking on the spot" or when handling sensitive issues which further meant that she failed to perform in the workplace as Noseworthy was required to do.

f.  Noseworthy failed to meet the needs of the students which is the mission of a community college like District.

g.  Noseworthy failed to establish a level of trust necessary in order for employees to work together, meeting the standards set by the Governing Board so that it would know that District and the Defendants (its employees) was working

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

13

in the public's interest.

These accusation went on and on and on.

22.  All of these charges and allegation were totally false and had been during Noseworthy's employment/career at District.  Noseworthy was given a "Needs Improvement" because of her unsatisfactory conduct on purportedly November 21, 2019.

23.  To officially harass, discriminate against, and retaliate against Noseworthy, the Defendants set up a Performance Improvement Plan which Noseworthy **never** had before.  It meant if Noseworthy did not improve 100% the Governing Board, after getting the recommendation from these Defendants, would serve Noseworthy with the Intent to Dismiss because of Noseworthy's unsatisfactory performance. This Performance Improvement Plan was designed to create and for Noseworthy's failure and was to have Noseworthy evaluated again at a three-month interval, with the Defendants monitoring her each and every day in everything she did, including going to the restroom.

24.  Not only did Noseworthy receive the bad evaluation, she was also placed on a two-month administrative leave because Noseworthy, purportedly, complained to administration and her supervisors, these individual Defendants, that some of the faculty did not know how to use the computers and technology for distance learning and that she had received complaints from students who were left out of courses.  Noseworthy believed it was **imperative** that something had to be

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

14

done in order to meet the needs of these students.

25. Defendant McDougal, a member of the Governing Board, did not do any investigation of this complaint but wanted Noseworthy to shut up and called Noseworthy "a liar," publicly.

26. Noseworthy was accused of everything the Defendants were doing to her and more. Each day she feared coming to work, crying before entering the grounds, not knowing what to expect and what else would be done to her in order to humiliate her.

27. Noseworthy was investigated for creating a hostile environment, which was yet another means used by these Defendants to end Noseworthy's First Amendment Right to Freedom of Speech. Further, Noseworthy had filed complaints with the Occupational Safety and Health Administration ("OSHA") to report the exposure to asbestos at District in the work environment and the threat to the health and safety of employees, as a result.

28. The Defendants' plan to either terminate Noseworthy or force her into retirement only intensified and increased after **all** of her complaints, e.g. which included (1) the complaint regarding the evaluation which was discriminatory because it was based on an aging Noseworthy; (2) the retaliatory and harassing conduct because she complained about, in writing, the November 2019 evaluation; (3) her complaints regarding the students' grievance because she found that students were suffering and not getting access to the Distance Learning classes because some

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**KIMBERLY NOSEWORTHY- FEDERAL COMPLAINT**

faculty were not prepared to teach these courses (which also included that District failed students with disabilities who were not given proper equipment or instruction which would provide access to the Distance Learning courses for them); (4) being placed on administrative leave, claiming Noseworthy created a hostile, fearful environment for faculty and students and community alike; and (5) being forced to train younger employees in their 20s and 30s who later replaced Noseworthy.

29.  The Defendants, and each of them, began to take away Noseworthy's daily assignments, duties, and responsibilities, and to give the assignments and duties to younger employees.  It was humiliating, embarrassing, excruciatingly painful, and extremely stressful for her on a daily basis.  She found herself being asked by faculty and support staff why her job duties and responsibilities, and not that of others, who were similarly situated and not as knowledgeable and experienced as she.  Noseworthy was so ashamed, degraded, and humiliated.

30.  Next, there were the repetitious, written and verbal reprimands; being disciplined more than once as a result of the same alleged conduct even if it occurred months or over a year previously and the proverbial Improvement Plan that Noseworthy was subjected to  after getting nothing but praise by other staff about how she had been one of the primary persons who had contributed to the growth of the Distance Learning Program.

31.  The work environment for her was severely oppressive, debilitating, and exacerbated her already deteriorating emotional and physical disabilities.

**KIMBERLY NOSEWORTHY- FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

Noseworthy even found her going to the ladies' room caused enhanced scrutiny just for her and none of the other female employees who were similarity situated.

32.  The result of this oppressive scrutiny was (1) she could not sleep, (2) she cried uncontrollably, (3) she no longer enjoyed time with her family, (4) she experienced pain in her abdomen, (5) experienced pain in her chest, and (6) experienced pain in her head.

33.  Although the Defendants were aware of her emotional stress and seeing treating doctor's and psychiatrist for the pain she was suffering, District did not at any point in time attempt to engage in an interactive process.  District knew what was happening to Noseworthy but did nothing to find out if she needed an accommodation to address her problem which she did not have prior to these circumstances.  Instead, knowing what was happening to Noseworthy, the Defendant kept up the conduct in order to make the environment so intolerable that Noseworthy would have to quit and/or retire.

34.  Then, in conjunction with supporting the involuntary leave, there were charges and allegations that Noseworthy was threatening this "group" while all along she was alone.  This charge was absurd.  After all, these Defendants and their agents came after Noseworthy.  She was told by the Defendants and their agents that "Chaffey no longer needs [Noseworthy] here."  Yes, out with the "old" and in with the "new"—

It was clear that District wanted a younger staff working in the Distance Learning

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

Program.  It was Defendant Serrano, approximately in her 30s who wrote the so-called 2019 Evaluation.  It was Defendant Serrano who prepared the so-called Improvement Plan.   It was Defendant Hardie who put Noseworthy on the involuntary administrative leave and complained about all of the hostility and fear created by Noseworthy in the work environment which is why Noseworthy purportedly had to be removed from the campus.  Defendants Bailey and Shannon refused to address Noseworthy's complaints of harassment and failed to prevent the retaliation and discrimination leveled against Noseworthy.  All of the Defendants supported Noseworthy's replacement by Adriana Arce who was in her 20s at the time.

35.    Finally, although Noseworthy tried to stay, she could take it no longer because of her health and because of her life.  So, over the Christmas break in 2019, Noseworthy was forced to quit and forced to retire.


**PLAINTIFF'S CLAIMS FOR RELIEF/CAUSES OF ACTION**

**FEDERAL CLAIM—FIRST CAUSES OF ACTION**

(Violation of the Rehabilitation Act of 1973, § 504

Against Chaffey Community College District)

36.  The allegations and attachments set forth above in paragraphs 1 through 35, inclusive, are incorporated into this claim for relief by reference as if set forth in full below.

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

37. Plaintiff was not accommodated but, instead, was ridiculed and attacked by these Defendants creating disabling injuries to her stomach, nervous system and causing problems with her ability to sleep, eat, and enjoy the company and the companionship with her family.

38. The more Plaintiff became affected by the disabling injuries, the more the Defendants tried to get Plaintiff to quit or to terminate Plaintiff with a bad evaluation. Plaintiff suffered a materially adverse employment action when she was forced on an involuntary administrative leave purportedly because she was a threat and hostile to others.  These allegations only exacerbated her mental and physical state, causing Noseworthy to have to routinely seek medical care from Dr. Roach of Kaiser in Rancho Cucamonga and specific care from a psychiatrist at Kaiser, Dr. Harry Roach at the Mental Health Offices, Kaiser Permanente, 533 San Bernardino Street, Montclair, CA 91764/866.205.3595.   These acts against Plaintiff were done for retaliatory reasons based on her disability and complaints of discrimination.

39.  The refusal by District to accommodate Plaintiff is an adverse action as required to establish a *prima facie* case of retaliation under the Rehabilitation Act of 1973, § 504, 29 U.S.C.A. § 794 and was in retaliation. But-for Plaintiff's complaints and on-going retaliation of using Plaintiff's known disabilities against her, this violation would not have occurred.

40.  Plaintiff was not required to exhaust her administrative remedies under

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

KIMBERLY NOSEWORTHY- FEDERAL COMPLAINT

Section 504 of the Rehabilitation Act of 1973 because the Ninth Circuit has stated that "private plaintiffs suing under section 504 need not first exhaust administrative remedies." *Smith v. Barton,* 914 F.2d 1330, 1338 (9th Cir. 1990). The question is not one of procedure but whether or not the employer violated the Act.  29 U.S.C. § 794(d).

WHEREFORE, Plaintiff demands judgment against Defendant District.

## STATEMENT OF A FEDERAL CLAIM
## SECOND CLAIM FOR RELIEF

(Protected Expressions/Freedom of Speech and Association

Against Lee McDougal, Henry Shannon, Laura Hope,

Meridith Randall, Alisha Serrano,  Matthew Morin,

Lisa Bailey, Susan Hardy and DOES 1 through 10, Inclusive,

Pursuant to the Civil Rights Act of 1871, 42 U.S.C. 1983)

41.   The allegations and attachments set forth above in paragraphs 1 through 40, inclusive, are incorporated into this claim for relief by reference as if set forth in full below.

42.     Defendants, and each of them, violated Plaintiff's right to freedom of speech when they sought to and did take vicious, punitive acts against Plaintiff when she publicly identified the discrimination at District leveled against her as a public employee, both written and verbal, which is a protected activity under FEHA; when

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

she complained to OSHA regarding the lack of health and safety on campus due to asbestos which had not been removed for decades; when she was active in the California Service Employees Association("CSEA") and associated with the union as a representative at District; and when she complained that the needs of students were not being met because of the failure on the part of some teachers to become familiar with the technology required for Distance Learning (which in and of itself naturally included students' with disabilities who did not have the necessary equipment for participation), all which are of and concerning the public's interests.

43.     Defendants violated Plaintiff's right to freedom of speech when they acted under the color of state law in their supervisory capacities to prevent Plaintiff from complaining about issues

WHEREFORE, Noseworthy seeks a judgment against these individual Defendants.

## STATEMENT OF STATE CLAIM

## THIRD CLAIM FOR RELIEF

(Violation of Government Code, §12900, et seq.

for Age Discrimination in Employment

Against District)

44.  The allegations and attachments set forth above in paragraphs 1 through 43,

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

inclusive, are incorporated into this claim for relief by reference as if set forth in full below.

45.  Plaintiff is 63 years of age and has been discriminated against because of her age.  She performed her job duties well and was complimented on her knowledge of computers and technology used by District for Distance Learning.  Despite these facts regarding Plaintiff's performance, she was denied the rights and privileges of her job in favor of those who were younger, with less experience, and were less qualified, and had to be trained by Plaintiff.

WHEREFORE, plaintiff demands judgment against Defendant District.

## STATEMENT OF STATE CLAIM

## FOURTH CLAIM FOR RELIEF

(Violation of the California Government Code, §12900, et seq.

Against District for Failure To Prevent Discrimination in Employment)

46.  The allegations and attachments set forth above in paragraphs 1 through 24, inclusive, are incorporated into this claim for relief by reference as if set forth in full below.

47.  Plaintiff has established that discrimination occurred and that District failed to prevent the discrimination from occurring.

48.  District did not take any or all reasonable steps to prevent the discrimination from occurring.

WHEREFORE, plaintiff demands judgment against Defendant District.

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**STATEMENT OF STATE CLAIM**

**FIFTH CLAIM FOR RELIEF**

(Retaliation Against District Pursuant to FEHA)

49.  The allegations and attachments set forth above in paragraphs 1 through 48, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

50. Plaintiff was harassed, retaliated against, and denied the right to return to her job duties after her so-called involuntary administrative leave or suspension.  She was treated this way because of her complaints and protesting the discrimination against her based on her age, disability discrimination, and engaging in the protected activity of complaining about the discrimination.  The retaliation and harassment leveled against her were in violation of the California Fair Employment and Housing Act.

51.  Defendant acted with (1) the intent to inflict the injury upon Plaintiff and (2) the realization that the injury of being forced to quit her job and then forced to retire was substantially certain to result from Defendants' discriminatory animus. Plaintiff's emotional distress was and is now severe, substantial and enduring and

was actually caused by the Defendant's pervasive and professionally unlawful conduct.

52.  As a direct and proximate result of Defendant's action against Plaintiff, as alleged above, Plaintiff has suffered special damages, including but not limited to loss of wages, bonuses, deferred compensation, full retirement amount if she actually retired when she expected to do so at 67, and other employment benefits, in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

53.  Unlike other similarly situated employees, Defendant District and its agents used Plaintiff's age, disability, and engaging in a protected activity in order to discriminate against her, by doing the ultimate of placing her on a so-called administrative leave/suspension and then forcing Plaintiff to quit and retire.

54.  As a further direct and proximate result of Defendants' unlawful, pervasive, discrimination against Plaintiff, as aforesaid, Plaintiff has sustained general damages for severe physical, mental, and emotional injuries, distress, harm and damages in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

WHEREFORE, Plaintiff demands judgment which is more fully stated below against District.

**KIMBERLY NOSEWORTHY- FEDERAL COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**STATEMENT OF STATE CLAIM**

**SIXTH CLAIM FOR RELIEF**

(Harassment Against District, McDougal, Shannon, Hope,

Randall,Serrano, Morin, Bailey, and Hardie )

55.    The allegations and attachments set forth above in paragraphs 1

through 54, inclusive, are incorporated into this claim for relief by reference as if set

forth in full below.

56.     Plaintiff was harassed, retaliated against, threatened, given verbal and

written reprimands, suspended by being placed on an involuntary leave, and then

forced to quit and retire.  She was treated this way because of her complaints and

protesting the discrimination against her based on disability, age discrimination, and

because she engaged in a protected activity.  The retaliation and harassment leveled

against her were in violation of the California Fair Employment and Housing Act.

These individual Defendants knowingly encouraged the punitive, harassing acts

against Plaintiff and did nothing to prevent them.  The conduct was so severe and

pervasive that it has caused Plaintiff to suffer from anxiety attacks and post-

traumatic stress.

**KIMBERLY NOSEWORTHY- FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

57. Defendants acted with (1) the intent to inflict the injury upon Plaintiff and (2) the realization that the injury of losing his coaching job and related duties was substantially certain to result from Defendants' conduct, most especially because of Plaintiff's age, disability, and engaging in protected activities. Plaintiff's emotional distress was and is now severe, substantial and enduring and was actually caused by the Defendants' pervasive and professionally unlawful conduct.

58. As a direct and proximate result of Defendants' action against Plaintiff, as alleged above, Plaintiff has suffered special damages, including but not limited to loss of wages, bonuses, deferred compensation, retirement benefits, and other employment benefits, in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

59. Unlike other similarly situated employees, Defendants used Plaintiff's disabilities, age, and the fact that she engaged in protected activities in order to discriminate against her, placed her on suspension/leave, told other employees Plaintiff needed "anger management" as the Defendants practiced medicine on Plaintiff.

60. As a further direct and proximate result of Defendants' unlawful, pervasive, discrimination against Plaintiff, as aforesaid, Plaintiff has sustained general damages for severe physical, mental, and emotional injuries, distress, harm and damages in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

WHEREFORE, Noseworthy demands judgment which is more fully stated below against District.

## STATEMENT OF STATE CLAIM

## SEVENTH CLAIM FOR RELIEF

(Violation of the California Government Code, §12900

for Disability Discrimination Against District )

61.  The allegations and attachments set forth above in paragraphs 1 through 60, inclusive, are incorporated into this claim for relief by reference as if set forth in full below.

62.  Defendants discriminated against Plaintiff based on her perceived and actual disabilities, age, and engaging in a protected activity.  No other employee with disabilities was treated with discrimination on a continuous basis as Plaintiff had been treated in the Distance Learning Department.

WHEREFORE, plaintiff requests relief as set forth below against District.

## STATEMENT OF STATE CLAIM

## EIGHTH CLAIM FOR RELIEF

(Violation of the FEHA and Common Law

Against District for Constructive Discharge )

63.  The allegations and attachments set forth above in paragraphs 1 through 62,

inclusive, are incorporated into this claim for relief by reference as if set forth in full below.

64. Defendant District intentionally created and/or knowingly permitted working conditions that were so intolerable or aggravated at the time of Plaintiff's resignation that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign.

65. Plaintiff has sustained general damages for severe physical, mental, and emotional injuries, distress, harm and damages in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

WHEREFORE, Noseworthy demands judgment which is more fully stated below against District.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this matter.

## PRAYER FOR RELIEF

1. **Issue a permanent injunction** instructing District to declare Plaintiff was an outstanding employee and offer her reinstatement **if** she elects to be reinstated.

2. **Issue a  declaration of rights** declaring that Defendants' discriminatory, retaliatory, and harassing conduct as alleged in this complaint violated Plaintiff's civil and federal and state constitutional rights.

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

3.  An award of monetary damages sufficient to fully compensate Plaintiff for all losses she has suffered as a direct and proximate result of  District's and its agents' unequal, discriminatory, bullying, harassing, and retaliatory treatment of her, forcing her to quit her job she loved so much.

4.  An award of monetary damages sufficient to fully compensate Noseworthy for emotional trauma suffered by her, including damages for mental distress, emotional pain, loss of enjoyment of life, and other nonpecuniary losses under pain and suffering.

5.  An award of monetary damages as mandated by civil rights laws, both federal and state.

6.  An award of monetary damages as mandated by the Fair Employment and Housing Act with a lodestar application.

7.  An award of costs, including attorneys' fees pursuant to California Code of Civil Procedure, § 1021.5; 42 U.S.C., § 1988 and any other applicable statutes for attorneys' fees.

8.  An award of costs, including attorneys' fees, to cover all of  Noseworthy's actual costs.

9.  An award of punitive damages against the individuals, if applicable under statute.

10. An award of damages pursuant to other relevant provisions of law.

11. An award of such other and further relief as the Court considers proper

**KIMBERLY NOSEWORTHY- FEDERAL COMPLAINT**

1   and just.

2

3

4   Dated:  June 01, 2020                **LAW OFFICES OF GLORIA DREDD HANEY**

5

6                                              By:_/"s"/ *Gloria Dredd Haney*

7                                                    Gloria Dredd Haney

8                                                    Attorney for Plaintiff

9                                                    **KIMBERLY NOSEWORTHY**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**KIMBERLY NOSEWORTHY- FEDERAL COMPLAINT**

## VERIFICATION

I, KIMBERLY NOSEWORTHY, DECLARE AS FOLLOWS:

I am the plaintiff in the above-entitled action and make this verification for The Verified Complaint. I have read the foregoing Verified Complaint and know of its contents. The same is true of my knowledge, except as to those matters which are therein stated on information and belief and as to those matters I believe to be true from my own observation.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true

Executed the_____day of June 2020 in Beaumont, California.


_____
**KIMBERLY NOSEWORTHY**

**KIMBERLY NOSEWORTHY- FEDERAL COMPLAINT**