Gloria Dredd Haney, State Bar No. 157627
**LAW OFFICES OF GLORIA DREDD HANEY**
City Tower Center
333 City Boulevard West, 17th Floor
Orange, California  92868
Office:       714.938.3230
Fax:          714.921.2856
Email:        dreddlaw@sbcglobal.net

Attorney for Plaintiff
**KIMBERLY NOSEWORTHY**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY NOSEWORTHY,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>CHAFFEY COMMUNITY COLLEGE DISTRICT, LEE MCDOUGAL, HENRY SHANNON, LAURA HOPE, MERIDITH RANDALL, ALISHA SERRANO, MATTHEW MORIN, LISA BAILEY, SUSAN HARDIE and DOES 1 through 10, Inclusive,<br><br>　　　　　　Defendants. | Case No.:<br><br>**PLAINTIFF KIMBERLY NOSEWORTHY'S VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

## I.    INTRODUCTION AND NATURE OF CASE

This case is a civil action seeking damages and relief against Defendants for committing acts against Plaintiff, KIMBERLY NOSEWORTHY (hereafter "Noseworthy" or "Plaintiff"), a very recently former long-term employee of 19 years at Defendant Chaffey Community College District ("District"), who was forced to resign because of her age and then forced to retire because of her age, and

1

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

for depriving Noseworthy of rights secured by the United States Constitution and

the California Constitution in violation of the public policy of the United States of

America and the State of California.  This action is also brought by Noseworthy for

the unlawful conduct on the part of the above-named Defendants, causing

Noseworthy to be subjected to discrimination based on age, freedom of

speech/association, retaliation, and harassment (and to name a few:  ostracized in

front of other staff, forced on an administrative leave for exercising her freedom of

speech, accused of creating a hostile environment for teachers, and forced on an

administrative leave because Noseworthy engaged in the protected activity of

complaining about problems of discrimination, problems associated with the

Distance Learning Program, the teachers associated with the problems, and the

failure of the Administration to act on the behalf of meeting the students' needs

which was Noseworthy's  primary responsibility).

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

1337, 1343, and 1391.  This action is authorized and instituted pursuant to 20 U.S.C.

1706 requiring the appropriate United States District Court to exercise jurisdiction.

42 U.S.C. § 1983, the First Amendment Right, establishes that employment

discrimination and retaliation cases based on the denial of the First Amendment

Right may be filed in the United States District Court.  This Court has pendent

jurisdiction over plaintiff's state claims, both administrative and common law,

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT**

because they arise out of the same nucleus of common facts on which plaintiff's federal discrimination claims are based.  Pursuant to 28 U.S.C. § 1367(s), federal courts have the discretion to adjudicate state-law claims that are transactionally related to the federal claims.

2.  Plaintiff has suffered and continues to suffer actual injuries as a result of the intentional, malicious, and unlawful conduct on the part of the above-named Defendants.  The injuries can be traced to the challenged action and conduct in this matter.  Noseworthy has a personal stake in the outcome of this action and hereby joins her request for recovery pursuant to 42 U.S.C. § 1983 and the California Fair Employment and Housing Act ("FEHA"), i.e. the California Department of Fair Employment and Housing ("DFEH"), along with the common laws of the State of California.  Plaintiff received her notice of right-to-sue from the DFEH.  Attached as Exhibit "A" is a true copy of the right-to-sue notice from the DFEH dated March 19, 2020.  Attached as Exhibit "B" is a true copy of the Charge of Discrimination filed with the DFEH and also dated March 19, 2020.  The verification is also attached after these exhibits.

3.      Additionally, jurisdiction is established because

a.  Plaintiff resides within the jurisdiction of the United States District Court in and for the Central District of California.

b.  District is doing business within the jurisdiction of the United States District Court/Central District.

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

3

**KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

## **GENERAL INTRODUCTION OF THE PARTIES**

4.  **Kim Noseworthy**, the Plaintiff in this matter, was forced to quit on or about January 03, 2020, with her forced retirement officially taking place on January 08, 2020, (1) because of her age, 63 years old, and the Defendants wanting to and replacing her with much younger employees; (2) because she complained about the continuing failure of involved faculty members who did not meet the needs of specific students in the Distance Learning Program; (3) because she filed complaints with the state agency under the Occupational Safety and Health Administration ("OSHA") due to the presence asbestos which presented unhealthy and unsafe working conditions; and (4) because she complained about the violation of her rights under the California Service Employees Association ("CSEA") contract for the purpose of retaliation and harassment against her.   Although not considered faculty but a classified employee, Noseworthy's went far and above the qualifications and requirements for her position at District and obtained a Masters Degree in Education.

5.  **Chaffey Community College District** (hereafter "District" or collectively "Defendants") is a two-year liberal arts public college located in Rancho Cucamonga in the County of San Bernardino in the State of California with over 500+ employees and over 10,000+ students.

6.  **Lee McDougal** (hereafter "McDougal" or collectively "Defendants"), at all times relevant to this matter, was and is an elected official/member of the Governing

Board of District.  McDougal abused his position by acting within the scope of his duties and **outside** the scope of his duties as an elected member of the Governing Board of District when he engaged in the discriminatory, retaliatory, and harassing conduct against Noseworthy because she is over the age of 60 years and engaged in the protected activities of freedom of speech and complaining about the discrimination leveled against Noseworthy.  For example, McDougal publicly accused Noseworthy of being a "liar" and created a hostile work environment because of the exercise of Noseworthy's right to freedom of speech.  These attacks against Noseworthy caused her to get her first less than satisfactory evaluation, caused her to be placed on a two-month administrative leave, caused her career to be destroyed, and caused Noseworthy to quit and also retire earlier than she intended. McDougal is being sued in his individual and official capacities because of the nature of his conduct and acting for his personal needs.  McDougal misused his official capacity and intentionally ignored Noseworthy's complaints.

7.  **Henry Shannon** (hereafter "Shannon" or collectively "Defendants"), at all times relevant to this matter, was and is the Superintendent/President of District. Shannon acted within the scope of his duties and acted outside the scope of his duties as the Superintendent/President of District when he engaged in the discriminatory, retaliatory, and harassing conduct against Noseworthy and ignored her complaints because she is over the age of 60 years and engaged in the protected activities of freedom of speech and complaining about the discrimination leveled

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT**

against Noseworthy. Shannon publicly created a hostile work environment because of the exercise of Noseworthy's right to freedom of speech. For example, he made negative comments about Noseworthy at a public Board Meeting. These attacks against Noseworthy caused her to get her first less than satisfactory evaluation, caused her to be placed on a two-month administrative leave, caused her career to be destroyed, and caused Noseworthy to quit her job and also retire earlier than she intended. Shannon is being sued in his individual and official capacities because of the nature of his conduct and his acting for his personal needs. Shannon misused his official capacity and intentionally ignored the complaints from Noseworthy.

8. **Laura Hope** (hereafter "Hope" or collectively "Defendants"), at all times relevant to this matter, was and is the Associate Superintendent of Instruction. Hope acted inside the scope of her duties and acted outside the scope of her duties as the Associate Superintendent of Instruction when she engaged in the discriminatory, retaliatory, and harassing conduct against Noseworthy and ignored her complaints because Noseworthy is over the age of 60 years and engaged in the protected activities of freedom of speech and complaining about the discrimination leveled against Noseworthy. Hope publicly created a hostile work environment because of the exercise of Noseworthy's right to freedom of speech. These attacks against Noseworthy caused her to get her first less than satisfactory evaluations from Hope, caused her to be placed on a two-month administrative leave, caused her career to be destroyed, and caused Noseworthy to quit her job and also retire earlier than she

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

6

**KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT**

intended.  Hope is being sued in her individual and official capacities because of the nature of her conduct and her acting for her own personal needs.  Hope misused her official capacity and intentionally ignored the complaints from Noseworthy.

9. **Meridith Randall** (hereafter "Randall" or collectively "Defendants"), at all Times relevant to this matter, was a supervisor over Noseworthy.  Randall "retired" last year in 2019.  Randall acted inside the scope of her duties and acted outside the scope of her duties as a supervisor when she engaged in the discriminatory, retaliatory, and harassing conduct against Noseworthy and ignored her complaints because Noseworthy is over the age of 60 years and engaged in the protected activities of freedom of speech and complaining about the discrimination leveled against Noseworthy.  Randall publicly created a hostile work environment because of the exercise of Noseworthy's right to freedom of speech.  These attacks against Noseworthy caused her to get her first less than satisfactory evaluation, caused her to be placed on a two-month administrative leave, caused her career to be destroyed, and caused Noseworthy to quit her job and also retire earlier than she intended.  Randall is being sued in her individual and official capacities because of the nature of her conduct and her acting for her own personal needs.  Randall misused her official capacity and intentionally ignored the complaints from Noseworthy.

10. **Alisha Serrano** (hereafter "Serrano" or collectively "Defendants"), at all times relevant to this matter, was and is  a supervisor.  Serrano acted inside the scope of her duties and acted outside the scope of her duties as Interim Director,

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

7

Grant Management, and Research & Community Education (with no reference to Distance Learning) when she engaged in the discriminatory, retaliatory, and harassing conduct against Noseworthy and ignored her complaints because Noseworthy is over the age of 60 years and engaged in the protected activities of freedom of speech and complaining about the discrimination leveled against Noseworthy.  Serrano publicly created a hostile work environment because of the exercise of Noseworthy's right to freedom of speech and publicly degraded Noseworthy in front of faculty.  These attacks against Noseworthy caused her to get her first less than satisfactory evaluation, caused her to be placed on a two-month administrative leave, caused her career to be destroyed, and caused Noseworthy to quit her job and also retire earlier than she intended.  Serrano is being sued in her individual and official capacities because of the nature of her conduct and her acting for her own personal needs.  Serrano misused her official capacity and intentionally ignored the complaints from Noseworthy.

11.  **Matthew Morin** (hereafter "Morin" or collectively "Defendants"), at all Times relevant to this matter, was and is the Director of Intersegmental Partnerships which was changed in 2019 from Adult Education and High School Partnerships, Interim Director of Distance Education.  Morin acted inside the scope of his duties and acted outside the scope of his duties as a Director when he engaged in the discriminatory, retaliatory, and harassing conduct against Noseworthy and ignored her complaints because Noseworthy is over the age of 60 years and engaged in the

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

8

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

protected activities of freedom of speech and complaining about the discrimination leveled against Noseworthy.    Morin publicly created a hostile work environment because of the exercise of Noseworthy's right to freedom of speech.  These attacks against Noseworthy caused her to get her first less than satisfactory evaluation, caused her to be placed on a two-month administrative leave, caused her career to be destroyed, and caused Noseworthy to quit her job and also retire earlier than she intended.  Morin is being sued in his individual and official capacities because of the nature of his conduct and his acting for his own personal needs.  Morin misused his official capacity and intentionally ignored the complaints from Noseworthy.

12.  **Lisa Bailey** (hereafter "Bailey" or collectively "Defendants"), at all times relevant to this matter, was and is the Vice President of Administrative Services. Bailey acted inside the scope of her duties and acted outside the scope of her duties as the Vice President of Administrative Services when she engaged in the discriminatory, retaliatory, and harassing conduct against Noseworthy and ignored her complaints because Noseworthy is over the age of 60 years and engaged in the protected activities of freedom of speech and complaining about the discrimination leveled against Noseworthy.  Bailey publicly created a hostile work environment because of the exercise of Noseworthy's right to freedom of speech.  These attacks against Noseworthy caused her to get her first less than satisfactory evaluation, caused her to be placed on a two-month administrative leave, caused her career to be destroyed, and caused Noseworthy to quit her job and also retire earlier than she

**KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT**

intended.  Bailey is being sued in her individual and official capacities because of the nature of her conduct and her acting for her own personal needs.  Bailey misused her official capacity and intentionally ignored the complaints from Noseworthy.

12.**Susan Hardie** (hereafter "Hardie" or collectively "Defendants"), at all Times relevant to this matter, was and is the Director of Human Resources.  Hardie acted inside the scope of her duties and acted outside the scope of her duties as a Director when she engaged in the discriminatory, retaliatory, and harassing conduct against Noseworthy and ignored her complaints because Noseworthy is over the age of 60 years and engaged in the protected activities of freedom of speech and complaining about the discrimination leveled against Noseworthy.  Hardie publicly created a hostile work environment because of the exercise of Noseworthy's right to freedom of speech.  These attacks against Noseworthy caused her to get her first less than satisfactory evaluation, caused her to be placed on a two-month administrative leave, caused her career to be destroyed, and caused Noseworthy to quit her job and also retire earlier than she intended.  Hardie is being sued in her individual and official capacities because of the nature of her conduct and her acting for her own personal needs.  Hardie misused her official capacity and intentionally ignored the complaints from Noseworthy.

14.  Noseworthy is ignorant of the true names and capacities and involvement of Defendants sued herein as DOES 1 through 10, inclusive, and, therefore, sues these Defendants by such fictitious names.  Noseworthy will amend

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT**

her complaint to allege the true names and capacities of the DOES when these are ascertained.  Noseworthy is informed and believes and thereon alleges that each of the fictitiously named defendants are responsible in the same manner for the occurrences herein alleged, and that each fictitiously named defendant is responsible for the violation of Noseworthy's state rights, along with her federal rights, and Noseworthy's damages as herein alleged were proximately caused by the conduct of such fictitiously named defendants.  Noseworthy further believes these Defendants *also* acted as the agents for each other along with other agents who were not Defendants and are listed below as now known to Noseworthy.

15.  Noseworthy is informed and believes and thereon alleges that, unless otherwise indicated, each defendant was and is the agent and/or employee of every other defendant acting outside the course and scope of said agency and/or employment and with knowledge and/or consent of said co-defendant or co-defendants.

### STATEMENT OF COMMON AND BACKGROUND FACTS

16.  Noseworthy began working for District on November 19, 2001, as a Support Specialist in the Distant Learning Department.  When she began in 2001, there were only 12 sections.  It was her dedication to the program and its students which cause District to have a premier distance-learning program.  Now approximately 19 years later, District has more than 600 sections, all primarily due to the work and performance of Noseworthy as told my former employees like Kim

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

11

Dunn, a classified employee, and Jeffrey Harlow a professor at District.

17.  District, the individual Defendants, and their agents had Noseworthy training younger employees under the age of 40 years, and especially training employees younger than she who subsequently replaced Noseworthy replaced Noseworthy like Adriana Arce who did indeed replace Noseworthy after Noseworthy was forced to resign in 2019.

18.  Noseworthy was **forced** to quit (a constructive termination) and then forced to retire based on her age of 63 years old.  For approximately 19 years, Noseworthy was told about her ***invaluable*** contribution to the Distance Learning Program.  However, specifically in 2019 after Hope had left for two years and then returned to District, the working environment for Noseworthy became ostensibly and increasingly hostile.  Noseworthy had noticed the increasing hostility toward her, and her alone, especially from Hope **before** Hope left at or around 2017.  No other employee similarly situated like Noseworthy was treated in this manner.

19. It bothered Noseworthy to the point that Noseworthy began treatment for stress and depression intermittently.   Then at or about 2013 when she was around 57 years old she participated in Kaiser's Intensive Outpatient Therapy Program (a daily group therapy for three weeks) because of the ever-increasing hostility toward her, especially from Hope, and the traumatic stress she was experiencing.  From 2017-2019, there was a little bit of a reprieve when Hope was no longer at District and only had her agents going against Noseworthy on a

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

continuous basis.   However, Hope returned in 2019 only to continue where she left off with heightened hostility and to make Noseworthy's work environment hostile and unbearable.

20. Hope appeared to have agents on campus who assisted her in carrying out the acts designed to threaten Noseworthy's actual job by bringing into question Noseworthy's ability to work with any other employees without harming other employees and even students and the community at large.  In fact, Hope removed Noseworthy from her private office as a result of a bogus investigation which lasted two months where Noseworthy's supervisors and Hope claim that Noseworthy created a hostile work environment.  Hope accused Noseworthy of not acting in Noseworthy's own best interest.  In two of her last evaluations before Noseworthy was forced to resign, Hope indicated faculty had complained about Noseworthy and that Noseworthy and that Noseworthy had to improve her communications with faculty "or else."  However, when Noseworthy asked for specific examples of the so-called complaints and situations, Hope *never* gave Noseworthy any examples and, in fact, blatantly refused to do so.

21.  The ongoing **false charges** and **false allegations** against Noseworthy were now becoming threats to her job and her access to the privileges of the job and are as follows, e.g.:

a.  Noseworthy was accused is being discourteous to employees, students, and community members as well as being disrespectful.

**KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT**

b.  Noseworthy was accused of not following District's Board policies and Administrative Procedures in that Noseworthy was acting unethically toward employees, students, and the community.

c.  Noseworthy did not know how to communicate with anyone which caused the Defendants to conclude Noseworthy was not performing satisfactorily which is required for a classified employee like Noseworthy to maintain her job.

d.  Noseworthy lacked the requisite interpersonal behavior and skills which were necessary in order to function as a classified employee at District without frightening others in the work environment.

e.  Noseworthy failed to demonstrate that she could interact with anyone when faced with challenging situations and failed to improve her "speaking on the spot" or when handling sensitive issues which further meant that she failed to perform in the workplace as Noseworthy was required to do.

f.  Noseworthy failed to meet the needs of the students which is the mission of a community college like District.

g.  Noseworthy failed to establish a level of trust necessary in order for employees to work together, meeting the standards set by the Governing Board so that it would know that District and the Defendants (its employees) was working in the public's interest.

These accusations from Defendants Hope, Serrano, Morin went on and on and on.

22.  Defendant Serrano reassigned a good portion of Noseworthy's duties to

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

14

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

the new hired Adriana Arce, who was younger and had less experience, so much so that the District was working on the goals and tasks for the 20-18-2021 Distance Education Strategic Plan (a 26-page document that outlines and defines the direction of the program and the necessary tasks to meet the goals) of which none of the tasks were assigned to Noseworthy. *All* were assigned to Ms. Arce, the new hire.

23.   When Noseworthy went to Defendant Serrano about the new hire consuming her duties and work, Serrano asked Noseworthy if she felt that way "because [Noseworthy] was going to retire soon" which was not true.  Noseworthy went Serrano on several occasions about her duties and responsibilities being taken away from her and given to the new hire.  Noseworthy explained that she believed it was inappropriate for  her to be completely left out, including at the Department meetings for the Distance Education program.  Before being forced to retire, at the meetings Serrano would continually make comments that devalued Noseworthy's contributions and made Noseworthy feel as if she were 5-years old.  For example, when Noseworthy would present to the Department a project she was working on, Serrano would comment how could the Department present this project by Noseworthy to the faculty and that Noseworthy only wanted to present her project so that she could look good.  These types of comments were made in front of other staff members but especially the new hired after Noseworthy had repeated told Serrano that these comments degraded her and that she did not appreciate being so degraded in from of the new hired she was training.

**KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

24.  Serrano was not the only one who took away Noseworthy's duties and responsibilities and gave them to the new hire.  Defendant Morin did the same.  His explanation for doing this was so that Noseworthy could "concentrate more on [Noseworthy's] job which appeared to be hard for Noseworthy."   Based on the shift in Noseworthy's workload, she requested a reclassification from Morin.  Morin comments on the reclassification mentioned that, because Noseworthy had been out for two months while being investigated because she created a hostile work environment, there was not need to give Noseworthy a reclassification and that the new hire performed Noseworthy's duties in Noseworthy's absence.  By comparison, Hope, Serrano, Morin, and others approved the reclassification for the new hire while she purportedly performed Noseworthy's job too.  Morin made it clear when he told Noseworthy he did not believe it was "a big thing" for her to be investigated and did nothing to stop the investigation.

25.  Hope had commented that the new hire "was newer and a brighter light for the Distance Education program."  Defendant Hope further stated she felt the new hire would be a good replacement for Noseworthy.  After working diligently for the District's Distance Education program for 19 years, Noseworthy felt devalued and deflated as a contributing member of the team.

26.  All of these charges and allegation were totally false and had not been made during Noseworthy's employment/career at District.  Noseworthy was given a "Needs Improvement" because of her unsatisfactory conduct on purportedly

16

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

November 21, 2019.  All of the tasks and responsibilities Noseworthy had taken pride in over the years which now was being reassigned to someone who had no distance education experience and who Noseworthy had trained in all aspects of the work.  Noseworthy was left with very little responsibility.  She felt that the verbal abuse about her age, retirement, and complaining too much  from the defendants, including McDougal, Shannon, Hope, Randall, Serrano, Bailey, and Hardie, was demeaning and belittling.  Noseworthy no longer enjoyed coming to work, found herself getting sick before work, losing sleep, and wondering when the multiple write ups by her supervisors would, indeed, cause her to lose her job.

27.  The "Needs Improvement" she received for the very first time was and included, "This evaluation noted deficiencies concerning interpersonal behavior, teamwork, and communication.  Kim must make immediate and sustained improvement in these areas. . .".  According to this plan, Kim would be reviewed in a 3-month interval and will be re-evaluated  by June 30, 2020" leading to enhanced scrutiny in their pattern of retaliation.  This "Needs Improvement" evaluation supported that the supervisors kept a paper trail from the undue scrutiny in order to support the reasons for taking away Noseworthy's responsibilities and duties purportedly disharmony with coworkers in order to justify the change in her job responsibilities after 19 years.

28.  To officially harass, discriminate against, and retaliate against Noseworthy, the Defendants set up a Performance Improvement Plan which

**KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT**

Noseworthy **never** had before.  It meant if Noseworthy did not improve 100% the Governing Board, after getting the recommendation from these Defendants, would serve Noseworthy with the Intent to Dismiss because of Noseworthy's unsatisfactory performance. This Performance Improvement Plan was designed to create and for Noseworthy's failure and was to have Noseworthy evaluated again at a three-month interval, with the Defendants monitoring her each and every day in everything she did, including going to the restroom.  Before this last evaluation, Defendant Hope gave poor evaluations but would not explain what the problem areas were.

29.  Not only did Noseworthy receive the bad evaluation, she was also placed on that two-month administrative leave by Hardie because Noseworthy, purportedly, complained to administration and her supervisors, these individual Defendants, that some of the faculty did not know how to use the computers and technology for distance learning and that she had received complaints from students who were left out of courses.  Only one teacher known to Noseworthy, Candice Brock, caused Noseworthy to be removed from her job for two months.  She complained to Defendants Morin, Hope, and then Hardie.  Noseworthy believed it was **imperative** that something had to be done in order to meet the needs of these students.  A list was kept and included in that December 03, 2019 evaluation.

30. Defendant McDougal, a member of the Governing Board, did not do any investigation of this complaint but wanted Noseworthy to shut up and called

Noseworthy "a liar," publicly.

31. Noseworthy was accused of everything the Defendants were doing to her and more.  Each day she feared coming to work, crying before entering the grounds, not knowing what to expect and what else would be done to her in order to humiliate her.

32. Noseworthy was investigated for creating a hostile environment, which was yet another means used by these Defendants to end Noseworthy's First Amendment Right to Freedom of Speech.  Further, on February 12, 2019, Noseworthy had filed complaints with the Occupational Safety and Health Administration ("OSHA") to report the exposure to asbestos at District in the work environment and the threat to the health and safety of employees, as a result.

33.  The Defendants' plan to either terminate Noseworthy or force her into retirement only intensified and increased after **all** of her complaints, e.g. which included (1) the complaint regarding the evaluation which was discriminatory because it was based on an aging Noseworthy; (2) the retaliatory and harassing conduct because she complained about, in writing, the November 2019 evaluation; (3) her complaints regarding the students' grievance because she found that students were suffering and not getting access to the Distance Learning classes because some faculty were not prepared to teach these courses (which also included that District failed students with disabilities who were not given proper equipment or instruction which would provide access to the Distance Learning courses for them); (4) being

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT**

placed on administrative leave, claiming Noseworthy created a hostile, fearful

environment for faculty and students and community alike; and (5) being forced to

train younger employees in their 20s and 30s who later replaced Noseworthy.

34.  The Defendants, and each of them, continued to take away

Noseworthy's daily assignments, duties, and responsibilities, and to give the

assignments and duties to younger employees.  It was humiliating, embarrassing,

excruciatingly painful, and extremely stressful for her on a daily basis.  She found

herself being asked by faculty and support staff why her job duties and

responsibilities, and not that of others, who were similarly situated and not as

knowledgeable and experienced as she.  Noseworthy was so ashamed, degraded, and

humiliated.

35.  Next, there were the repetitious, written and verbal reprimands; being

disciplined more than once as a result of the same alleged conduct even if it

occurred months or over a year previously and the proverbial Improvement Plan that

Noseworthy was subjected to  after getting nothing but praise by other staff about

how she had been one of the primary persons who had contributed to the growth of

the Distance Learning Program.

36.  The work environment for her was severely oppressive, debilitating, and

exacerbated her already deteriorating emotional and physical disabilities.

Noseworthy even found her going to the ladies' room caused enhanced scrutiny just

for her and none of the other female employees who were similarity situated.

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT

37.  The result of this oppressive scrutiny was (1) she could not sleep, (2) she cried uncontrollably, (3) she no longer enjoyed time with her family, (4) she experienced pain in her abdomen, (5) experienced pain in her chest, and (6) experienced pain in her head.

33.    Although the Defendants were aware of her emotional stress and seeing treating doctor's and psychiatrist for the pain she was suffering, District did not at any point in time attempt to engage in an interactive process.  District knew what was happening to Noseworthy but did nothing to find out if she needed an accommodation to address her problem which she did not have prior to these circumstances.  Instead, knowing what was happening to Noseworthy, the Defendant kept up the conduct in order to make the environment so intolerable that Noseworthy would have to quit and/or retire.

34.    Then, in conjunction with supporting the involuntary leave, there were charges and allegations that Noseworthy was threatening this "group" while all along she was alone.  This charge was absurd.  After all, these Defendants and their agents came after Noseworthy.  She was told by the Defendants and their agents that "Chaffey no longer needs [Noseworthy] here."  Yes, out with the "old" and in with the "new"—It was clear that District wanted a younger staff working in the Distance Learning Program.  It was Defendant Serrano, approximately in her 30s who wrote the so-called 2019 Evaluation.  It was Defendant Serrano who prepared the so-called Improvement Plan.   It was Defendant Hardie who put Noseworthy on the

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT**

involuntary administrative leave and complained about all of the hostility and fear

created by Noseworthy in the work environment which is why Noseworthy

purportedly had to be removed from the campus.  Defendants Bailey and Shannon

refused to address Noseworthy's complaints of harassment and failed to prevent the

retaliation and discrimination leveled against Noseworthy.  All of the Defendants

supported Noseworthy's replacement by Adriana Arce who was in her 20s at the

time.

35.    Finally, although Noseworthy tried to stay, she could take it no longer

because of her health and because of her life.  So, over the Christmas break in 2019,

Noseworthy was forced to quit and forced to retire.

## PLAINTIFF'S CLAIMS FOR RELIEF/CAUSES OF ACTION

## FEDERAL CLAIM—FIRST CAUSES OF ACTION

(Violation of the Rehabilitation Act of 1973, § 504

Against Chaffey Community College District)

36.  The allegations and attachments set forth above in paragraphs 1 through 35,

inclusive, are incorporated into this claim for relief by reference as if set forth in full

below.

37. Plaintiff was not accommodated but, instead, was ridiculed and attacked

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT

by these Defendants creating disabling injuries to her stomach, nervous system and causing problems with her ability to sleep, eat, and enjoy the company and the companionship with her family.

38. The more Plaintiff became affected by the disabling injuries, the more the Defendants tried to get Plaintiff to quit or to terminate Plaintiff with a bad evaluation. Plaintiff suffered a materially adverse employment action when she was forced on an involuntary administrative leave purportedly because she was a threat and hostile to others.  These allegations only exacerbated her mental and physical state, causing Noseworthy to have to routinely seek medical care from Dr. Roach of Kaiser in Rancho Cucamonga and specific care from a psychiatrist at Kaiser, Dr. Harry Roach at the Mental Health Offices, Kaiser Permanente, 533 San Bernardino Street, Montclair, CA 91764/866.205.3595.   These acts against Plaintiff were done for retaliatory reasons based on her disability and complaints of discrimination.

39.  The refusal by District to accommodate Plaintiff is an adverse action as required to establish a *prima facie* case of retaliation under the Rehabilitation Act of 1973, § 504, 29 U.S.C.A. § 794 and was in retaliation. But-for Plaintiff's complaints and on-going retaliation of using Plaintiff's known disabilities against her, this violation would not have occurred.

40.  Plaintiff was not required to exhaust her administrative remedies under Section 504 of the Rehabilitation Act of 1973 because the Ninth Circuit has stated that "private plaintiffs suing under section 504 need not first exhaust administrative

**KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

1    remedies." *Smith v. Barton,* 914 F.2d 1330, 1338 (9th Cir. 1990). The question is not

2    one of procedure but whether or not the employer violated the Act.  29 U.S.C.

3

4    § 794(d).

5        WHEREFORE, Plaintiff demands judgment against Defendant District.

6

7

8    ### STATEMENT OF A FEDERAL CLAIM

9    ### SECOND CLAIM FOR RELIEF

10   (Protected Expressions/Freedom of Speech and Association

11   Against Lee McDougal, Henry Shannon, Laura Hope,

12

13   Meridith Randall, Alisha Serrano,  Matthew Morin,

14   Lisa Bailey, Susan Hardy and DOES 1 through 10, Inclusive,

15

16   Pursuant to the Civil Rights Act of 1871, 42 U.S.C. 1983)

17      41.   The allegations and attachments set forth above in paragraphs 1 through

18   40, inclusive, are incorporated into this claim for relief by reference as if set forth in

19

20   full below.

21      42.    Defendants, and each of them, violated Plaintiff's right to freedom of

22   speech when they sought to and did take vicious, punitive acts against Plaintiff when

23   she publicly identified the discrimination at District leveled against her as a public

24   employee, both written and verbal, which is a protected activity under FEHA; when

25   she complained to OSHA regarding the lack of health and safety on campus due to

26   asbestos which had not been removed for decades; when she was active in the

27

28

**KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

California Service Employees Association("CSEA") and associated with the union as a representative at District; and when she complained that the needs of students were not being met because of the failure on the part of some teachers to become familiar with the technology required for Distance Learning (which in and of itself naturally included students' with disabilities who did not have the necessary equipment for participation), all which are of and concerning the public's interests.

43.    Defendants violated Plaintiff's right to freedom of speech when they acted under the color of state law in their supervisory capacities to prevent Plaintiff from complaining about issues

WHEREFORE, Noseworthy seeks a judgment against these individual Defendants.

## STATEMENT OF STATE CLAIM

## THIRD CLAIM FOR RELIEF

(Violation of Government Code, §12900, et seq.

for Age Discrimination in Employment

Against District)

44.  The allegations and attachments set forth above in paragraphs 1 through 43, inclusive, are incorporated into this claim for relief by reference as if set forth in full below.

45.  Plaintiff is 63 years of age and has been discriminated against because of her

**KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT**

age. She performed her job duties well and was complimented on her knowledge of computers and technology used by District for Distance Learning. Despite these facts regarding Plaintiff's performance, she was denied the rights and privileges of her job in favor of those who were younger, with less experience, and were less qualified, and had to be trained by Plaintiff.

WHEREFORE, plaintiff demands judgment against Defendant District.

## STATEMENT OF STATE CLAIM

## FOURTH CLAIM FOR RELIEF

(Violation of the California Government Code, §12900, et seq.

Against District for Failure To Prevent Discrimination in Employment)

46. The allegations and attachments set forth above in paragraphs 1 through 24, inclusive, are incorporated into this claim for relief by reference as if set forth in full below.

47. Plaintiff has established that discrimination occurred and that District failed to prevent the discrimination from occurring.

48. District did not take any or all reasonable steps to prevent the discrimination from occurring.

WHEREFORE, plaintiff demands judgment against Defendant District.

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

26

# **STATEMENT OF STATE CLAIM**

## **FIFTH CLAIM FOR RELIEF**

(Retaliation Against District Pursuant to FEHA)

49.  The allegations and attachments set forth above in paragraphs 1 through 48, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

50.  Plaintiff was harassed, retaliated against, and denied the right to return to her job duties after her so-called involuntary administrative leave or suspension.  She was treated this way because of her complaints and protesting the discrimination against her based on her age, disability discrimination, and engaging in the protected activity of complaining about the discrimination.  The retaliation and harassment leveled against her were in violation of the California Fair Employment and Housing Act.

51.  Defendant acted with (1) the intent to inflict the injury upon Plaintiff and (2) the realization that the injury of being forced to quit her job and then forced to retire was substantially certain to result from Defendants' discriminatory animus.  Plaintiff's emotional distress was and is now severe, substantial and enduring and was actually caused by the Defendant's pervasive and professionally unlawful conduct.

52.  As a direct and proximate result of Defendant's action against Plaintiff, as alleged above, Plaintiff has suffered special damages, including but not limited to

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT**

loss of wages, bonuses, deferred compensation, full retirement amount if she actually retired when she expected to do so at 67, and other employment benefits, in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

53.  Unlike other similarly situated employees, Defendant District and its agents used Plaintiff's age, disability, and engaging in a protected activity in order to discriminate against her, by doing the ultimate of placing her on a so-called administrative leave/suspension and then forcing Plaintiff to quit and retire.

54.  As a further direct and proximate result of Defendants' unlawful, pervasive, discrimination against Plaintiff, as aforesaid, Plaintiff has sustained general damages for severe physical, mental, and emotional injuries, distress, harm and damages in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

WHEREFORE, Plaintiff demands judgment which is more fully stated below against District.

**KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

## **STATEMENT OF STATE CLAIM**

## **SIXTH CLAIM FOR RELIEF**

(Harassment Against District, McDougal, Shannon, Hope,

Randall,Serrano, Morin, Bailey, and Hardie  )

55.    The allegations and attachments set forth above in paragraphs 1 through 54, inclusive, are incorporated into this claim for relief by reference as if set forth in full below.

56.    Plaintiff was harassed, retaliated against, threatened, given verbal and written reprimands, suspended by being placed on an involuntary leave, and then forced to quit and retire.  She was treated this way because of her complaints and protesting the discrimination against her based on disability, age discrimination, and because she engaged in a protected activity.  The retaliation and harassment leveled against her were in violation of the California Fair Employment and Housing Act. These individual Defendants knowingly encouraged the punitive, harassing acts against Plaintiff and did nothing to prevent them.  The conduct was so severe and pervasive that it has caused Plaintiff to suffer from anxiety attacks and post-traumatic stress.

57.  Defendants acted with (1) the intent to inflict the injury upon Plaintiff and (2) the realization that the injury of losing his coaching job and related duties was substantially certain to result from Defendants' conduct, most especially because of Plaintiff's age, disability, and engaging in protected activities.  Plaintiff's

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

29

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

emotional distress was and is now severe, substantial and enduring and was actually

caused by the Defendants' pervasive and professionally unlawful conduct.

58.  As a direct and proximate result of Defendants' action against Plaintiff, as

alleged above, Plaintiff has suffered special damages, including but not limited to

loss of wages, bonuses, deferred compensation, retirement benefits, and other

employment benefits, in an amount to be proven at the time of trial, in excess of the

minimum jurisdictional requirements of this Court.

59.   Unlike other similarly situated employees, Defendants used Plaintiff's

disabilities, age, and the fact that she engaged in protected activities in order to

discriminate against her, placed her on  suspension/leave, told other employees

Plaintiff needed "anger management" as the Defendants practiced medicine on

Plaintiff.

60.  As a further direct and proximate result of Defendants' unlawful, pervasive,

discrimination against Plaintiff, as aforesaid, Plaintiff has sustained general damages

for severe physical, mental, and emotional injuries, distress, harm and damages in an

amount to be proven at the time of trial, in excess of the minimum jurisdictional

requirements of this Court.

    WHEREFORE, Noseworthy demands judgment which is more fully stated

below against District.

**KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

## STATEMENT OF STATE CLAIM

## SEVENTH CLAIM FOR RELIEF

(Violation of the California Government Code, §12900

for Disability Discrimination Against District )

61.  The allegations and attachments set forth above in paragraphs 1 through 60, inclusive, are incorporated into this claim for relief by reference as if set forth in full below.

62.  Defendants discriminated against Plaintiff based on her perceived and actual disabilities, age, and engaging in a protected activity.  No other employee with disabilities was treated with discrimination on a continuous basis as Plaintiff had been treated in the Distance Learning Department.

WHEREFORE, plaintiff requests relief as set forth below against District.

## STATEMENT OF STATE CLAIM

## EIGHTH CLAIM FOR RELIEF

(Violation of the FEHA and Common Law

Against District for Constructive Discharge )

63.  The allegations and attachments set forth above in paragraphs 1 through 62, inclusive, are incorporated into this claim for relief by reference as if set forth in full below.

64. Defendant District intentionally created and/or knowingly permitted working conditions that were so intolerable or aggravated at the time of Plaintiff's

**KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

resignation that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign.

65.  Plaintiff has sustained general damages for severe physical, mental, and emotional injuries, distress, harm and damages in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

WHEREFORE, Noseworthy demands judgment which is more fully stated below against District.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this matter.

## PRAYER FOR RELIEF

1. **Issue a permanent injunction** instructing District to declare Plaintiff was an outstanding employee and offer her reinstatement **if** she elects to be reinstated.

2. **Issue a  declaration of rights** declaring that Defendants' discriminatory, retaliatory, and harassing conduct as alleged in this complaint violated Plaintiff's civil and federal and state constitutional rights.

3. An award of monetary damages sufficient to fully compensate Plaintiff for all losses she has suffered as a direct and proximate result of  District's and its agents' unequal, discriminatory, bullying, harassing, and retaliatory treatment of her, forcing her to quit her job she loved so much.

32

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

4.  An award of monetary damages sufficient to fully compensate Noseworthy for emotional trauma suffered by her, including damages for mental distress, emotional pain, loss of enjoyment of life, and other nonpecuniary losses under pain and suffering.

5.  An award of monetary damages as mandated by civil rights laws, both federal and state.

6.  An award of monetary damages as mandated by the Fair Employment and Housing Act with a lodestar application.

7.  An award of costs, including attorneys' fees pursuant to California Code of Civil Procedure, § 1021.5; 42 U.S.C., § 1988 and any other applicable statutes for attorneys' fees.

8.  An award of costs, including attorneys' fees, to cover all of Noseworthy's actual costs.

9.  An award of punitive damages against the individuals, if applicable under statute.

10. An award of damages pursuant to other relevant provisions of law.

11. An award of such other and further relief as the Court considers proper and just.

**KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT**

1    Dated:  December 01, 2020        **LAW OFFICES OF GLORIA DREDD HANEY**

2

3

4                                        By: _/"s"/ Gloria Dredd Haney_

5                                            Gloria Dredd Haney
                                             Attorney for Plaintiff
6                                            **KIMBERLY NOSEWORTHY**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**KIMBERLY NOSEWORTHY-FIRST AMENDED FEDERAL COMPLAINT**